UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:21-cv-00641-SRC |
| | ) |
| USIC, | ) |
| | ) |
| Defendant. | ) |

**Memorandum and Order**

This closed case is before the Court on review of the file following self-represented plaintiff Kevin Jones's filing of (1) a new complaint, (2) an application to proceed in the district court without prepaying fees and costs, and (3) a motion to appoint counsel.   Having reviewed the application to proceed in the district court without prepaying fees and costs, the Court will grant the application and waive plaintiff's filing fee.   Additionally, the Court will vacate its Order of Dismissal and Judgment dated July 27, 2021.   The Court will order again plaintiff to file a copy of (1) his right-to-sue letter and (2) his charge of discrimination within twenty-one days of the date of this Memorandum and Order.   Finally, the Court will deny without prejudice plaintiff's motion to appoint counsel.

**Background**

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, for alleged employment discrimination.   Plaintiff initially filed his complaint on June 7, 2021 naming as a defendant his former employer USIC.   On June 25, 2021, on its own motion, the Court issued a Memorandum and Order requiring plaintiff to submit a copy of his right-to-sue letter and his charge of discrimination.   *See* ECF No. 5.   The

Court cautioned plaintiff that if he failed to submit the requested documents within twenty-one days, his complaint would be subject to dismissal without prejudice.

Plaintiff did not file the requested documents within twenty-one days. On July 27, 2021, the Court issued an Order of Dismissal and a separate Judgment dismissing this case without prejudice for failure to comply with the Court's Memorandum and Order dated June 25, 2021.

On August 5, 2021, plaintiff filed another employment discrimination complaint against defendant USIC under this case number. In this new complaint, plaintiff alleges he filed his charge of discrimination with the Missouri Commission on Human Rights and the EEOC on July 27, 2021. Also he indicates that he has received his notice of right-to-sue letter. *See* Am. Compl. at 3. Plaintiff has not filed, however, a copy of his right-to-sue letter and his charge of discrimination. Because plaintiff is proceeding pro se in this employment discrimination suit, the Court will liberally construe plaintiff's filings. It will vacate its Order of Dismissal and Judgment dated July 27, 2021. The Court will mail to plaintiff another copy of its Memorandum and Order dated June 25, 2021. Finally, the Court will order again plaintiff to file within twenty-one days of the date of the instant Memorandum and Order a copy of (1) his right-to-sue letter and (2) his charge of discrimination. Plaintiff's failure to comply with this Court's Order may result in a dismissal of this action, without prejudice.

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to

have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that the Court's Order of Dismissal Without Prejudice and Judgment dated July 27, 2021 are **vacated**. [ECF Nos. 6 and 7]

**IT IS FURTHER ORDERED** that plaintiff's application for leave to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 9]

**IT IS FURTHER ORDRED** that the Clerk of Court shall mail to plaintiff a copy of its Memorandum and Order dated June 25, 2021. [ECF No. 5]

**IT IS FURTHER ORDERED** that within twenty-one days of the date of the instant Memorandum and Order, plaintiff shall file a copy of (1) his right-to-sue letter and (2) his charge

of discrimination as originally ordered by the Court in its Memorandum and Order dated June 25, 2021.

**IT IS FURTHER ORDERED** that plaintiff's failure to comply with this Court's Order may result in a dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**.   [ECF No. 10]

Dated this 2nd day of November, 2021.

*/s/ SL R. CL*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE